IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARQUETH WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 3:12-CV-5292-B |
| v. | § | |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant's Motion to Strike Plaintiff's Expert Designation (doc. 69) and Plaintiff's Motion for Leave of Court and First Amended Expert Witness Designations (doc. 79). For the reasons that follow Defendant's Motion is **GRANTED** and Plaintiff's Motion is **DENIED**.

### I.

### BACKGROUND

Plaintiff Marqueth Wilson is suing Defendant Home Depot U.S.A., Inc. ("Home Depot") for personal injuries allegedly sustained as a result of an alleged incident that occurred at a Home Depot store in Dallas, Texas on May 14, 2012. Doc. 6, First Am. Pet. Plaintiff alleges that he was asked by a Home Depot employee to assist him with cutting plywood. *Id.* at 2. In the course of cutting the wood, Plaintiff claims the employee dropped the end he was holding, which caused Plaintiff to "jerk and suddenly shift." *Id.* at 3. Plaintiff alleges this caused bodily injury and exacerbated and/or aggravated a preexisting back injury. *Id.*

Plaintiff brought suit against Home Depot on December 3, 2012 in the 193rd Judicial District Court of Dallas County, Texas. Doc 1, Not. Rem. Thereafter Home Depot removed the case to this

Court on December 31, 2012. *Id.* On February 13, 2013, the Court entered a Scheduling Order, which set a deadline of August 16, 2013 for Plaintiff to designate expert witnesses. Doc. 22. On August 14, 2013, Plaintiff served his Expert Designation. On November 11, 2013, Home Depot filed its present Motion to Strike Plaintiff's Expert Designation.[1] In response, Plaintiff filed his Motion for Leave of Court and First Amended Expert Witness Designations. The Court considers them both below.

## II.

## ANALYSIS

A.  *Motion to Strike Plaintiff's Expert Designation*

Home Depot moves the Court to strike Plaintiff's Expert Designations and prohibit all of the four doctors identified therein from testifying at trial. Home Depot claims that Plaintiff's designation was deficient because it failed to include any expert reports and similarly failed to disclose the subject areas and/or a summary of the facts to which each witness is expected to testify. Def.'s Mot. 2. Home Depot argues Plaintiff has therefore failed to comply with Rule 26(a)(2)(C) and should be prohibited from using any information from those witnesses at trial. *Id.*; Fed. R. Civ. P. 26(a)(2)(C), 37(c)(1).

Plaintiff responds that he complied with the Federal Rules as best he could, though "pages 141 and 142 and various other pages" were missing from the prison law library. Pl.'s Mot. 2. Plaintiff further claims that in August 2013 he "did not have access to telephones to contact 'only' his family." *Id.* In addition he maintains he separately provided, via his Initial Disclosures, "the content

---

[1] Defendant separately filed its Motion to Exclude the Opinions of Jason Jodoin, D.C. (doc. 71) and Motion to Exclude the Opinions of Francisco Batlle, M.D. (doc. 73). The Court will address these motions in a separate order.

and subject matter on which each expert's testimony is sought." *Id.* at 3. Finally, he states has written letters to his proposed experts requesting they submit curriculum vitae and records, but he has received no responses. *Id.* He insists any expert reports will therefore have to be subpoenaed by the Court. *Id.*

Home Depot counters that Plaintiff had ample time to acquire knowledge and collect information necessary to properly designate experts. Def.'s Resp. to Pl.'s Mot. What's more, Plaintiff's proposed amended filing still fails to provide a summary of the facts or any of the opinions of the proposed experts. *Id.* at 3. Furthermore, the medical records that Plaintiff previously supplied in his Initial Disclosures do not include the experts' opinions and therefore have not provided Home Depot with notice of the doctors' possible testimony. *Id.* at 3–4.

Under federal Rule of Civil Procedure 26(a)(2)(B), a party who retains an expert to provide expert testimony in a case must submit a report that includes: (1) a complete statement of all opinions of the witness and the reasons for them; (2) the facts or data the expert considered in forming his opinion; (3) any exhibits that will be used; (4) the witness's qualifications, including publications; (5) a list of all other cases in which he has testified in the previous four years; and (6) a statement of his compensation in the present case. Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi). If for some reason the witness is *not* required to provide such a report, Rule 26(a)(2)(C) nevertheless requires a party to disclose: (1) the subject matter on which the witness is expected to present evidence, and (2) a summary of the facts and opinions to which the witness is expected to testify. *Id.* at (a)(2)(C). If a party fails to provide information as required under Rule 26(a), he may not use that information or witness to "supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

"A district court considers four factors when determining if such a violation is harmless: (1) the explanation, if any, for the non-disclosing party's failure to comply with the discovery rule; (2) the prejudice to the opposing party; (3) the possibility of curing such a prejudice by granting a continuance; and (4) the importance of the evidence and related witnesses' testimony." *Reyes v. City of Farmers Branch, Texas*, No. 3:07–CV–900–O, 2008 WL 4791498, at *3 (N.D. Tex. Nov. 4, 2008) (citing *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996)). "The Court has broad discretion in deciding whether a violation of Rule 26(a) is substantially justified or harmless." *Id.* (citing *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998)).

There is no question that Plaintiff's initial Expert Designation did not comply with Rule 26. Indeed, Plaintiff provided nothing more than the names and addresses of the four doctors on which he hoped to rely. Def.'s Ex. A, Plaintiff's Expert Designation. This falls well short of Rule 26(a)(2)(B), which requires a party include reports that are "detailed and complete" rather than "sketchy and vague." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571 (5th Cir. 1996). It similarly does not meet Rule 26(a)(2)(C)'s mandate of "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(ii). The Court must thus consider whether striking this designation is warranted.

<u>1.      Explanation for Non-Disclosing Party's Failure to Comply</u>

Regarding the first factor, the Court finds that Plaintiff's explanation for his non-compliance is inadequate. Plaintiff attributes his disobedience to the fact that the prison law library's copy of the Rules of Civil Procedure lacked certain pages. However, Plaintiff has not indicated that the missing pages actually contained the Rule in question. Furthermore, the Court's Scheduling Order afforded Plaintiff over six months to file his expert designation and report. Doc. 22. That was a considerable

amount of time to recognize the missing pages and attempt to research the requirements. Though Plaintiff claims he had limited phone access in August 2013, he has offered no reason why he could not have contacted individuals or performed the necessary research during any of the months preceding. To the extent Plaintiff faced difficulty from his own experts because they did not respond to his requests for their curriculum vitae or reports, he could have notified the Court of his inability to comply with the Rule by the set deadline or otherwise sought assistance. However, he did no such thing.

For these several reasons, Plaintiff's explanation for his non-compliance falls short of justifiying the failings of his designation, and the Court finds this factor weighs in favor of striking his filing.

2. Prejudice to the Opposing Party

The second factor likewise weighs in favor of the sanction. As Home Depot correctly points out, Plaintiff's initial Expert Designation fails to disclose the opinions that his purported experts will provide at trial. Indeed, it is devoid of *any* detail whatsoever. Even Plaintiff's proposed amended filing states only the general areas to be covered in the doctors' testimony without providing any of the experts' opinions or the facts on which they relied. *See* Doc. 79-1. In other words, neither filing offers any guidance with respect to these individuals' future testimony.

Despite Plaintiff's suggestion, the medical records he previously provided to Home Depot do not cure these deficiencies. The records from Drs. Kilgore and Goldings are dated more than two years *before* the alleged incident at Home Depot. Def.'s Exs. B, C. Accordingly, they provide no insight into what these individuals might say with respect to the issues at hand. The record from Dr. Batlle—a letter from him to Dr. Jodoin—is from July 2012. Pl.'s Ex. D. It discusses Plaintiff's injuries

from an automobile accident on June 24, 2012 as well as from a work related injury in April 2009. *Id.* Though the letter mentions Plaintiff had several accidents during 2012, including in May, it is silent with respect to their details. *Id.* In other words, nowhere does it mention the alleged event or injuries associated with this suit. Similarly, the records from Dr. Jodoin do not connect the cause of Plaintiff's ongoing back pain and discomfort with the facts of this case. Def.'s Ex. E, F. Though one record from June 27, 2012 indicates that Plaintiff had been treated at Dr. Jodoin's office "for injuries sustained in a work injury on 05/14/2012," there is no further discussion of the accident or the injury. Def.'s Ex. F. Furthermore, the record states that Plaintiff's current symptoms "are directly related to a motor vehicle accident sustained on 06/24/2012." *Id.*

Plaintiff has since filed a Supplemental Exhibit H (doc. 97), which includes Dr. Jodoin's curriculum vitae as well as his "expert report." However, review of this report shows that it fails to meet the standards articulated by Rule 26. The two-page letter begins with the statement that "in my professional opinion, the accident injury that Mr. Wilson sustained at the Home Depot on 05/14/2012 resulted in an exacerbation of a pre-existing low back condition." Supp. Ex. H. It then notes Plaintiff's extensive history of injury to his low back and mentions Plaintiff was leading a "full and active life" prior to the alleged incident at Home Depot. *Id.* The letter concludes by repeating Dr. Jodoin's opinion that the alleged encounter at Home Depot exacerbated Plaintiff's low back complaint. *Id.*

An expert report must not only include a statement of all opinions the witness will express, but also the reasons for such opinions, including the facts and data the witness considered. Fed. R. Civ. P. 26(a)(2)(B)(i)–(ii). Similarly, the report must note any exhibits that will be used, a statement of the compensation the expert has received, and a list of other cases in which, during the previous

four years, the witness has testified as an expert. *Id.* at (iii)–(vi). The expert report Plaintiff filed simply provides none of this information. In fact, it seems to be precisely the "sketchy and vague" information that Rule 26 was intended to prevent. *Sierra Club*, 73 F.3d at 571.

In sum, neither Plaintiff's initial Expert Designation nor the other records he provided nor his most recent supplement includes the necessary disclosures under Rule 26(a)(2)(B) or (a)(2)(C). There is no information regarding three of the four witnesses' qualifications, previous cases during which any expert has testified, or statements about any of their compensation. Fed. R. Civ. P. 26(a)(2)(B)(iii)–(vi). More critically, there is no "complete statement of all opinions the witness[es] will express and the basis and reasons for them" and no disclosure of the facts or data they considered in forming their opinions. *Id.*; *see also* Fed. R. Civ. P. 26(a)(2)(B). There is not even a summary of the facts and opinions to which the doctors' will testify. Fed. R. Civ. P. 26(a)(C)(ii). Accordingly, the Court finds Plaintiff has given absolutely no notice of his witnesses' possible testimony, and Home Depot would be prejudiced if the four doctors were allowed to testify at trial. *See Harmon v. Georgia Gulf Lake Charles L.L.C.*, 476 F. App'x 31, 37 (5th Cir. 2012)(affirming district court's finding of prejudice where appellants provided "no usable information" in their initial expert report, deposition was scheduled several weeks after report deadline, and appellants failed to provide any opinions as of deadline for disclosure).

3.  Possibility of Curing Such a Prejudice by Granting a Continuance

As an initial matter, the Court recognizes that it vacated the previously-scheduled trial date in an order dated November 13, 2013. Doc. 75. The case will now proceed to trial, if necessary, following the Court's ruling on the parties' pending summary judgment motions. *Id.*

Since the Court's November 13 order, Plaintiff has failed to cure the deficiencies identified

above with respect to Drs. Kilgore, Goldings, or Batlle. Plaintiff's supplemental materials for Dr. Jodoin also fall short of satisfying Rule 26's requirements. Consequently, there is little indication that granting Plaintiff more time to comply with the Rule would be beneficial, especially when he has represented to the Court that materials from his experts "must be propounded via issuance of a subpoena." *See, e.g.,* First Am. Exp. Des. 2. It seems more likely that granting additional time would only result in additional delay and unnecessary expense for all involved. *Barrett*, 95 F.3d at 381. In addition, more time would not, "in and of itself," "'deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders.'" *Id.* (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990)). Consequently, the Court finds this factor also weighs in favor of striking the designation.

    4.    <u>Importance of the Evidence and Related Witnesses' Testimony</u>

The Court now considers the fourth and final factor regarding the importance of the evidence and related witnesses' testimony. Plaintiff argues that the evidence and testimony sought to be introduced is "key medical evidence that is needed to prove this case." Pl.'s Mot. 2. However, Plaintiff has failed to explain how this is so. Indeed, the records he previously provided from Drs. Kilgore and Goldings are more than two years before the incident, and it is not clear if these doctors ever saw Plaintiff after 2009 and 2010. Though Drs. Batlle and Jodoin did treat Plaintiff after the alleged injury at Home Depot, their records are virtually silent with respect to that specific trauma and any associated examinations or diagnoses. To be sure, Dr. Jodoin has provided a letter that states his opinion that the incident at Home Depot exacerbated Plaintiff's pre-existing back condition, which is no doubt important to Plaintiff's case. However, "the importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders."

*Geiserman*, 893 F.2d at 792. "Moreover, the claimed importance of [Plaintiff's] expert testimony merely underscores the need for [Plaintiff] to have complied with the court's deadlines or at least informed the trial judge in advance if good faith compliance was not possible." *Barrett*, 95 F.d at 381.

In conclusion, Plaintiff has not only failed to comply with Rule 26, but he has also failed to provide a sufficient explanation to justify his non-compliance. As Rule 37 makes clear, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Based on the filings, relevant law, and its "wide latitude" in handling pretrial matters, the Court finds that Plaintiff's disobedience was neither substantially justified nor harmless. *See Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998). The Court therefore **GRANTS** Defendant's Motion to Strike Expert Designation.

B.  *Motion for Leave of Court and First Amended Expert Witness Designations*

The Court now considers Plaintiff's Motion for Leave of Court to file his First Amended Expert Witness Designations. As the Court has already discussed, Plaintiff has failed to adequately explain why he could not comply with Rule 26 regarding his initial Expert Designation. What's more, his amended filing also lacks the required disclosures. Finally, Plaintiff attempts for the first time to designate an organization (University of Texas Medical Branch), its doctors, and a physician's assistant as experts, without any offering explanation or justification for their addition.

In light of the Court's analysis with respect to Defendant's Motion as well as the deficiencies of Plaintiff's current request, the Court finds no reason to grant Plaintiff leave to file his First Amended Expert Witness Designations. Accordingly, the Court **DENIES** his Motion.

## III.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike Plaintiff's Expert Witness Designation is **GRANTED**. Accordingly, the Court **STRIKES** Plaintiff's Expert Designation, and Plaintiff is prohibited from using the information or witnesses therein in a motion, at a hearing, or at trial. *See* Fed. R. Civ. P. 37(c)(1). The Court also **DENIES** Plaintiff's Motion for Leave to file his First Amended Expert Witness Designations.

**SO ORDERED.**

**SIGNED May 12, 2014.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE